# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

EDWARD KEITH DEMBRY,        )
                                             )
                    Petitioner,     )
vs.                                    )      2:11-cv-210-WTL-WGH
                                             )
WARDEN JOHN OLIVER,        )
                                           )
                    Respondent.    )

## Entry Discussing Petition for Writ of Habeas Corpus

Edward Keith Dembry is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the
Eastern District of North Carolina.

After this action was docketed, Dembry was given a period of time in which to show cause why this action can proceed under 28 U.S.C. § 2241. He has responded with his filing of February 21, 2012.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be **denied** and that the action must be **dismissed**. This conclusion rests on the following facts and circumstances:

1.     A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 28 U.S.C. § 2241(c)(3) only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2.      A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United tates*, 210 F.3d 770 (7th Cir. 2000).

3.      Dembry was convicted in the United States District Court for the Southern District of Iowa of being a felon in possession of ammunition. His conviction was affirmed on appeal in *United States v. Dembry,* 535 F.3d 798 (8th Cir. 2008). He seeks habeas corpus relief in this action based on his claim that his enhanced sentence as an armed career criminal was unwarranted because one of the convictions used to support that enhancement was uncounseled. This claim was presented in an action brought pursuant to 28 U.S.C. § 2255, which was filed in the trial court on September 15, 2009, which was docketed as No. 4:09-cv-0358-JAJ, and which was summarily dismissed pursuant to Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* on October 19, 2009. In dismissing the § 2255 motion, the trial court noted that "[d]uring Dembry's sentencing, the court determined that Dembry's prior robbery convictions were counseled. . . . Therefore, Dembry's claim that the district court erred by using an allegedly uncounseled robbery conviction for purposes of enhancing Dembry's sentence fails."

4.      Dembry offers no reason in his petition for a writ of habeas corpus or his supplement which persuades this court that a different resolution--or even further adjudication--of claim is now warranted.

5.      Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition for precisely the reasons explained above. That is, the petitioner has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for s writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/07/2012

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana